IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUL - 1 2010

DAVID J. MALAND, CLERK

| | | |
|---|---|---|
| FRANK PATE AND<br>LEILA PATE<br><br>Plaintiffs,<br><br>VS.<br><br>AMERIQUEST MORTGAGE COMPANY<br>AND CHASE HOME FINANCE, LLC.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 4:10cv201 |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND ORDER DENYING MOTION FOR RECONSIDERATION

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On May 27, 2010, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Plaintiffs' Ex Parte Application for Temporary Restraining Order (Dkt. 7) be DENIED without prejudice to re-filing a motion which fully complied with Rule 65's requirements. On May 28, 2010, Plaintiffs filed a second ex parte motion for temporary restraining order and for injunctive relief, and, after conducting a hearing on the motion on June 1, 2010, the Magistrate Judge entered a second report containing proposed findings of fact and recommendations that, since Plaintiffs were not threatened with any immediate harm, their Application for Temporary Restraining Order (Dkt. 10) and requests for preliminary injunction (Dkts. 8 & 10) should be DENIED as MOOT.

1

On June 1, 2010, the Magistrate Judge also entered an order requiring copies of all checks reflecting any payments made on the property located at 9607 Spring Drive (*see* Dkt. 12). Plaintiffs were given 14 days to comply with the order. On June 29, 2010, the Magistrate Judge entered an order indicating that Plaintiffs have failed to produce any checks or bank records in support of their position herein (*see* Dkt. 25).

On June 15, 2010, Plaintiffs filed a Motion to Reconsider Injunctive Relief Request (Dkt. 19). In the motion, Plaintiffs indicate that their home has been set for foreclosure sale on July 6, 2010. No Defendants have been served or appeared in this suit, and, since June 10, 2010, all certified mail sent to Plaintiffs by the Clerk's office has been returned as unclaimed.

The court is of the opinion that any objections to the reports of the Magistrate Judge raised by Plaintiffs in their Motion to Reconsider Injunctive Relief Request are without merit and that the findings and conclusions of the Magistrate Judge in those reports are correct. Therefore, the court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this court, Plaintiffs' Ex Parte Application for Temporary Restraining Order (Dkt. 7) is DENIED, and Plaintiffs' Application for Temporary Restraining Order (Dkt. 10) and requests for preliminary injunction (Dkts. 8 & 10) are DENIED as MOOT.

Further, having considered the new grounds raised in Plaintiffs' Motion to Reconsider Injunctive Relief Request (Dkt. 19), the court finds that Plaintiffs' renewed request for injunctive relief should also be DENIED. A plaintiff seeking injunctive relief must show:

(1)  a substantial likelihood of success on the merits,

(2)  a substantial threat that plaintiffs will suffer irreparable harm if the injunction is not

granted,

(3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and

(4) that the injunction will not disserve the public interest.

*Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009); *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). The party requesting injunctive relief bears the burden to prove all four requirements. *Palmer*, 579 F.3d at 506.

As indicated by the Magistrate Judge's June 29, 2010 order (*see* Dkt. 25), Plaintiffs have failed to produce any checks or other bank records which would support their position that they have fully paid off their mortgage as alleged. They have, therefore, not shown a likelihood of success on the merits of their case, and injunctive relief is not appropriate at this time. The motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

SIGNED this 1st day of July, 2010.

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE